BELSOME, J.,
dissents with reasons.
_JjOn motion for summary judgment, the trial court found that the plaintiffs failed to present sufficient evidence to establish that they would be able satisfy their burden of proof at trial. The basis for Dr. Kenneth Williams’ motion for summary judgment was that the plaintiffs did not have an expert witness to establish each *945 component of the medical malpractice claim.
In opposition to the motion for summary judgment, the plaintiffs produced the affidavit of Dr. Charles McKay, a specialist in medical toxicology. His affidavit stated that 1) he reviewed the autopsy report; 2) he read the Medicaid records; 3) identified Dr. Williams by his physician number; and 4) that Dr. Williams’ physician number was associated with prescriptions that, in his opinion, based on the quantity and strength, breached the standard of care.
At trial, the plaintiffs will have to prove by a preponderance of the evidence: 1) the applicable standard of care, 2) the breach of that standard of care, and B) a causal connection between the breach of care and the patient’s injury. Pfiffner v. Correa, 94-0992 (La.10/17/94), 643 So.2d 1228; La. R.S. 9:2794(A). However, for purposes of summary judgment, I find that Dr. McKay’s affidavit sufficiently establishes genuine issues of material fact as to each of the essential elements. | ¿Therefore, I would reverse the trial court’s ruling that dismissed the claims against Dr. Kenneth Williams.